GEORGE A. HERRING, TRUSTEE, APPELLEE, V. E. C. WHITFORD
ET AL., APPELLANTS.

FILED MAY 9, 1930. No. 27046.

*N. P. McDonald,* for appellants.

*Miller & Randall, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON
and DAY, JJ., and THOMSEN, District Judge.

GOSS, C. J.

This is a suit in equity commenced by the trustee in
bankruptcy of the estate of Junius S. Donnell to cancel a
real estate mortgage executed by Donnell and his wife, Una
W. Donnell, within four months of the filing of separate
petitions in bankruptcy against these mortgagors. It is a
companion case to *Herring v. Whitford,* No. 27045, *ante,*
p. 725, and reference is made to our opinion therein for
a statement of the case and for our conclusions thereon.
The pleadings were identical except that the trustee sued on
behalf of the bankrupt husband here and for the estate of
the wife in the other case. In both cases it was sought to
cancel the same mortgage. The bills of exceptions are
identical, one being a copy of the other. The decrees of the
district court, however, were quite different.

In the suit brought on behalf of the wife's bankrupt

estate, the mortgage to Whitford was canceled and the title to the property quieted in the trustee by the decree of the district court. In the present case, the findings of the decree, as shown in the record, are rather confusing; and the order of the court directs a foreclosure in favor of E. C. Whitford as to the east 50 feet of lots 1, 2, and 3, in block 10, of Ashland addition, but omits any reference to the remainder of those lots and to six other lots referred to in the findings and the evidence. These discrepancies evidently arise out of a misunderstanding as to what constituted the homestead, and out of the failure, in drawing the order, to make any reference to the property involved other than the homestead lots. On the argument both parties agreed that the judgment of the district court would have to be reversed.

The facts in the two actions are the same; the parties are in the identical position in this case they were in the one just preceding it; the only difference is that in that case the trustee in bankruptcy represented the estate of the wife and in this he represents the estate of the husband. The decisions in the two suits should be the same and our opinion in No. 27045 is incorporated herein in this case, No. 27046.

For the reasons there given, the judgment appealed from in this cause should be reversed and the cause remanded, with instructions to render a decree allowing Whitford's mortgage as a first lien to the extent of $2,000 on the same real estate as in No. 27045, found to be the homestead, and to allow a foreclosure thereof; and the decree should quiet the title in the trustee as to all the rest of the real estate and as to the excess over the $2,000 homestead interest.

REVERSED.

The following opinion on motion for rehearing was filed October 10, 1930. *Rehearing denied.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOSS, C. J.

This is a companion case to *Herring v. Whitford, ante,* p. 725. Oral argument on the motion for rehearing was ordered and had. The printed motions and briefs for rehearing were identical and the ruling in this case must naturally follow that in the other.

It is unnecessary to repeat the contents of the opinion in the other case, but it is by reference incorporated herein and made a part hereof. For the reasons there given, the motion for rehearing is denied.

REHEARING DENIED.